UNITED STATES of America, Plaintiff,

v.

Kathryn Louise FOX, Defendant.

No. CR 99–0319 BZ.

United States District Court, N.D. California.

April 27, 2001.

Rebecca C. Hardie, U.S. Atty's Office, San Francisco, CA, for Plaintiff.

Daniel Blank, Federal Public Defender's Office, San Francisco, CA, Kevin R. McLean, Belli, McLean & DeGarmo, San Francisco, CA, for Defendant.

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

ZIMMERMAN, United States Magistrate Judge.

Defendant was tried on charges of violating 36 C.F.R.. § 1004.23(a)(1), driving under the influence of alcohol, 36 C.F.R. § 1004.23(c)(2), refusal to submit to a test, and 36 C.F.R. § 1004.21(c), speeding. At trial, United States Park Police Officer Smith testified that she was stationed in her patrol car at the intersection of Lincoln Avenue and Bowley Street in the Presidio [1], which is policed by the Park Police, when she observed defendant's car proceeding south down Lincoln at a high rate of speed. As the defendant's car approached her, Officer Smith, using a radar gun, clocked defendant as traveling well in excess of the posted speed limit. Officer Smith then signaled to defendant to pull over by activating her flashing lights, and began to follow defendant. Instead of pulling over, defendant drove on for about two hundred yards, left the Presidio and came to a stop on 25th Avenue just past its intersection with El Camino Del Mar and about one block outside the Presidio.

Officer Smith further testified that after she approached the car and asked for defendant's driver's license, she observed signs of intoxication and had defendant perform certain field sobriety tests. Officer Smith then concluded that she had probable cause to believe that defendant had been driving under the influence of alcohol, arrested her and took her to the Presidio Police Station.

At the conclusion of the government's case, defendant moved under FRCrP 29 for a judgment of acquittal. In part, defendant argued that in view of Officer Smith's testimony that the factual bases for probable cause to believe defendant was driving under the influence of alcohol were all developed outside the Presidio, Officer Smith lacked jurisdiction to arrest her for that crime.[2] Defendant argued that all Officer Smith could do once outside the Presidio was to call the San Francisco Police Department.

The authority of United States Park Police is set forth in 16 U.S.C. § 1a–6(b) which provides in pertinent part as follows:

> In addition to any other authority conferred by law, the Secretary of the Interior is authorized to designate, pursuant to standards prescribed in regulations by the Secretary, certain officers or employees of the Department of the Interior who shall maintain law and order and protect persons and property within areas of the National Park System. In the performance of such duties, the officers or employees, so designated, may—
>
> (1) carry firearms and make arrests without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed or

---

1. All references herein to the Presidio are more specifically to area under the jurisdiction of the Presidio Trust as that term is used in 36 C.F.R. § 1001.1.

2. In opposition to the motion, the government first argued that defendant was precluded from raising this issue in that another Magistrate Judge had earlier denied a motion to suppress in which the defendant made a similar argument. Since that judge did not issue a written ruling and I had before me the actual testimony as to the jurisdictional facts, I address the merits of defendant's motion without determining whether defendant should be precluded from . raising this issue again.

is committing such felony, provided such arrests occur within that system or the person to be arrested is fleeing therefrom to avoid arrest;

\* \* \* \* \* \*

(3) conduct investigations of offenses against the United States committed in that system in the absence of investigation thereof by any other Federal law enforcement agency having investigative jurisdiction over the offense committed or with the concurrence of such other agency.

I conclude that Officer Smith was authorized to arrest the defendant for drunk driving under § 1a–6(b)(1) in that she made an arrest without a warrant for an offense against the United States[3] committed in her presence by a person fleeing from the Presidio to avoid arrest. I find that given her observations and the results of the field sobriety tests administered to defendant, Officer Smith reasonably concluded that there was probable cause to believe defendant had been driving while under the influence of alcohol and that this offense had been committed in the Presidio and witnessed by Officer Smith. I also conclude that when defendant failed to stop in response to Officer Smith's flashing lights, though she had the opportunity to do so, but instead traveled about 200 yards through the Presidio before coming to a stop about one block outside the gate, she was fleeing to avoid arrest within the meaning of § 1a–6(b)(1). I do not read that section as requiring that the defendant lead the police on a high speed chase to race them to the park's border. I think the statute is satisfied in a case such as this, if the Park Police attempt to stop a defendant in the Presidio and the defendant continues to travel through the Presidio so she cannot be arrested within its borders, especially where the defendant later contends that the Park Police lacked jurisdiction to arrest her solely because she managed to leave the Presidio before she stopped.

The other bases of authority urged by the government are problematic. California Penal Code § 830.8(a)(2) purports to grant Officer Smith arrest power outside federal property so long as she is enforcing federal criminal law and has been certified under § 830.8(a)(4). Apart from serious questions about the ability of a state to legislate federal authority, there is no evidence in the record that Officer Smith was properly certified. 16 U.S.C. § 1a–6(b)(3), which authorizes Officer Smith to conduct investigations of offenses against the United States, has been interpreted by the Ninth Circuit to permit investigations which start on federal property to move off federal property. *United States v. Smith,* 713 F.2d 491, 494 (9th Cir.1983).[4] Whether Officer Smith was conducting an investigation within the meaning of that statute when she stopped defendant is a question I need not decide in view of my earlier ruling.

Defendant has cited no authority for the proposition that Officer Smith did not have jurisdiction to arrest her for drunk driving and the court has been unable to find any. Nor does defendant's proposal have much to commend it. It would provide incentive for persons stopped by Park Police in the

---

3. Driving in the Presidio while under the influence of alcohol is prohibited by federal law, 36 C.F.R. § 1004.23(a)(1).

4. In *Smith,* the Park Police observed a defendant acting suspiciously on park property and followed him off park property where they conducted a *"Terry"* stop. While there is dicta in *Smith* that the Park Police did not have the authority to arrest the defendant once he left the park (713 F.2d at 493), I believe that that is because the Park Police did not observe the defendant within the Park commit a crime in their presence, as is the case here.

Presidio to try to leave the Presidio in an effort to avoid arrest. This in turn could endanger persons and property.[5] It could unduly complicate law enforcement by requiring two sets of officers to be involved in the investigation and prosecution of many Presidio crimes. And it could lead to considerable mischief to law enforcement if a Park Police Officer could not secure immediate cooperation from the San Francisco Police Department. Finally, apart from her geographical argument, defendant offers no explanation of how she has been prejudiced by having been arrested by the Park Police as opposed to the San Francisco Police. For all these reasons, defendant's motion for a judgment of acquittal on the grounds that Officer Smith lacked authority to arrest her for drunk driving is **DENIED.**

---

**5.** See *U.S. v. Gibson*, 896 F.2d 206 (6th Cir. 1990), assuming without discussion that Park Ranger had jurisdiction to arrest defendant just outside a national park on drunk driving and related offenses where the defendant had been observed speeding in the park, failed to pull over in response to the flashing lights and siren of the Ranger's patrol car and instead continued to drive at excessive speed until he was apprehended outside the park.